IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SHAW, | : | |
|     Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| NATIONAL RAILROAD | : | |
| PASSENGER CORPORATION, | : | No. 13-7351 |
|     Defendant. | : | |

<u>MEMORANDUM</u>

**Schiller, J.**                                                                                                                          **April 1, 2014**

      Kenneth Shaw claims that the National Railroad Passenger Corporation ("Amtrak") retaliated against him for raising concerns about waste and mismanagement regarding expense agreement requisitions. Amtrak seeks to dismiss Shaw's claim under the federal Whistleblower Protection Act because, Amtrak asserts, the statute protects only federal employees, and Amtrak employees such as Shaw are not included within the definition of employees covered by the law. For the following reasons, the motion is granted.

**I.    BACKGROUND**

      Shaw worked as a senior contract agent for Amtrak. (Compl. ¶ 8.) His duties included processing, creating, reviewing, administering, and executing contracts and requisition for goods and services. (*Id.*) On January 7, 2013, Shaw notified his supervisors of concerns he had with certain expense agreement requisitions, which Shaw believed lacked specificity and definition. (*Id.* ¶ 10.) He believed that the flaws in the agreement requisitions "could lead to inadequate control and an absence of oversight which were available to Amtrak for the purchase of materials needed for the maintenance of Amtrak's equipment." (*Id.* ¶ 11.) Shaw's supervisors ignored his concerns. (*Id.* ¶ 13.)

On February 21, 2013, Shaw emailed his concerns to Matthew Simber, Amtrak's Senior Director of Audit in Amtrak's Office of Inspector General. (*Id.* ¶ 14.) Shaw and Simber met the next day, and Simber agreed with Shaw's assessment. (*Id.* ¶ 15.) On February 26, 2013, Shaw emailed Helen Butler, Amtrak's Director of Procurement, about his contact with the Office of Inspector General. (*Id.* ¶ 16.) The next day, Butler met with Shaw, and she pressured him to process the expense agreement requisitions in their current form and reprimanded him for bringing the issue to the attention of Simber. (*Id.* ¶ 17.) On March 4, 2013, Simber and Shaw met with Robert Koons, Amtrak's Inspector General for its Criminal Division. (*Id.* ¶ 18.) Butler, aware of this meeting, informed one of Shaw's team members that Shaw was being insubordinate. (*Id.* ¶ 19.) Although Butler promised various Amtrak departments that Shaw would soon process the expense agreement requisitions, he refused. (*Id.* ¶¶ 20-21.)

On March 26 and 27, 2013, Shaw contacted Butler and raised concerns with what he deemed an improper exclusionary clause contained in a purchase requisition. (*Id.* ¶¶ 22-27.) "Butler ran out of her office and down the hall to Mr. Shaw's desk, and began screaming at Mr. Shaw and berating him for having visited the Inspector General and for questioning the validity of the exclusionary provision in the Okunite purchase requisitions." (*Id.* ¶ 28.) On April 12, 2013, Bernard Reynolds, Amtrak's procurement deputy, summoned Shaw to his office to discuss the exclusionary provision. (*Id.* ¶ 30.) Reynolds attempted to convince Shaw to drop his concerns. (*Id.* ¶ 31.) Later that day, Shaw and another employee met with Simber and Koons. (*Id.* ¶ 32.)

On May 28, 2013, Shaw received a poor mid-year evaluation from Butler because she was upset with Shaw for raising concerns about expense agreement requisitions. (*Id.* ¶¶ 33-34.) Shaw was also harassed at his job, culminating in his constructive discharge. (*Id.* ¶ 36.) Shaw resigned on June

14, 2013, and his last day at Amtrak was July 1, 2013. (*Id.* ¶¶ 36, 38.)

Shaw is suing Amtrak for violations of the Pennsylvania Whistleblower Act, the federal Whistleblower Protection Act, and the American Recovery and Reinvestment Act. Amtrak seeks to dismiss only Shaw's second cause of action, alleging a violation of the federal Whistleblower Protection Act.

II.     **STANDARD OF REVIEW**

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers & Allied Craftsmen Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*, 237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Simply reciting the elements will not suffice. *Id.* (holding that a

pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231.

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a motion to dismiss for failure to state a claim. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a commonsense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id.* at 211. If the court can only infer the mere possibility of misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id.*

## III.   DISCUSSION

Amtrak argues that the federal Whistleblower Protection Act protects federal employees from retaliation for disclosing certain protected activities, including illegal conduct, gross mismanagement, the waste of funds, or acts presenting substantial danger to health and safety. However, Amtrak contends that its officers and employees are not federal employees, and that they are therefore not covered by the law.

### A.   Shaw's "Response"

Shaw filed a ninety-one word opposition to Amtrak's motion to dismiss. The opposition does not contain citations to legal authority or any legal analysis. Shaw argues that Amtrak is a federal entity "for all intents and purposes" and that therefore all Amtrak employees "should be deemed to be federal employees." (Pl.'s Opp'n to Def.'s Mot. to Dismiss Pl.'s Whistleblower Protection Act

4

Claim.) Of course, Plaintiff's wishful thinking cannot substitute for legal argument. The Court concludes that Plaintiff's opposition fails to comply with Rule 7.1(c) of the local rules of civil procedure, which requires that "any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief." *See Dennis v. De Jong*, 867 F. Supp. 2d 588, 622 (E.D. Pa. 2011) (granting motion to dismiss certain claims because "plaintiffs do not provide any legal authority or analysis to contest dismissal"); *Markert v. PNC Fin. Servs. Grp., Inc.*, 828 F. Supp. 2d 765, 773 (E.D. Pa. 2011) ("Where an issue of fact or law is raised in an opening brief, but it is uncontested in the opposition brief, the issue is considered waived or abandoned by the non-movant in regard to the uncontested issue. Throw-away arguments left undeveloped are also considered waived." (citing *Conroy v. Leone*, 316 F. App'x 140, 144 n. 5 (3d Cir. 2009)). "Parties who fail to adequately brief their opposition to motions do so at the risk of having those motions granted as uncontested." *Young v. St. Luke's Hosp.*, Civ. A. No. 09-3460, 2010 WL 1348468, at *6 (E.D. Pa. Mar. 30, 2010). Amtrak's motion is granted as uncontested.

### B. Merits

In the interest of completeness, the Court will briefly address the merits of Amtrak's argument. Notwithstanding Plaintiff's world view about the status of Amtrak employees, the reality is that Amtrak is not always treated as a federal entity. For example, Amtrak is considered an agency or instrumentality of the United States for the purpose of individual rights guaranteed against the Government by the Constitution. *Lebron v. Nat'l R.R. Passenger Corp.*, 513 U.S. 374, 392 (1995). Additionally, lawsuits against Amtrak raise federal questions that confer subject matter jurisdiction on federal courts, regardless of the underlying claims brought. *Nat'l R.R. Passenger Corp. v. Pa.*

5

*Pub. Util. Comm'n*, 159 F. Supp. 2d 28, 33-34 (E.D. Pa. 2001).

Amtrak is not always treated as a federal entity, however. Congress has declared that Amtrak "shall be operated and managed as a for-profit corporation" and "is not a department, agency, or instrumentality of the United States Government." 49 U.S.C. § 24301(a)(2) & (a)(3). In *Lebron*, the Supreme Court pointed out that federal law is dispositive of "Amtrak's status as a Government entity for purposes of matters that are within Congress's control—for example, whether it is subject to statutes that impose obligations or confer powers upon Government entities." *Lebron*, 513 U.S. at 392. Recently, the United States Court of Appeals for the District of Columbia, recognizing that Amtrak is treated as a private entity for purposes of the Administrative Procedure Act and the Eleventh Amendment, held that "Amtrak is a private corporation with respect to Congress's power to delegate regulatory authority." *Ass'n of Am. Railroads v. U.S. Dep't of Transp.*, 721 F.3d 666, 677 (D.C. Cir. 2013). Plaintiff's statement that Amtrak is in reality a federal entity is wrong.

Shaw also is not a federal employee under the federal Whistleblower Protection Act. The law under which Shaw sued protects employees from retaliation for "any disclosure of information by an employee or applicant which the employee or applicant reasonably believes evidences . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety." 5 U.S.C. § 2302(b)(8)(A)(ii). Title 5 defines an employee as an "officer and an individual" appointed in the "civil service" by the head of a Government controlled corporation, "engaged in the performance of a Federal function under authority of law or an Executive act," and "subject to the supervision of an individual [named by the statute] of this subsection while engaged in the performance of the duties of his position." *Id*. § 2105(a)(1)(E) & (2)-(3). The problem for Shaw is that civil service is defined as "all appointive positions in the

executive, judicial, and legislative branches of the Government of the United States, except positions in the uniformed services." *Id*. § 2101(1). Shaw offers no argument that an Amtrak worker qualifies as "an officer and an individual appointed in the civil service." He would therefore not be an employee under this law and thus cannot state a claim for violations of the law. This conclusion is bolstered by cases, cited by Amtrak, concluding that Amtrak workers are not federal employees. *See Hrubec v. Nat'l R.R. Passenger Corp.*, 49 F.3d 1269, 1270 (7th Cir. 1995) (noting that Amtrak is part of the national government for some purposes but that its workers are not federal employees); *Ehm v. Nat'l R.R. Passenger Corp.*, 732 F.2d 1250, 1255 (5th Cir. 1984) ("The officers and employees who conduct Amtrak's day-to-day affairs are not federal employees.").

### IV.  CONCLUSION

Amtrak is correct that its workers are not employees under the federal Whistleblower Protection Act. Additionally, Plaintiff's failure to provide a meaningful response to Amtrak's motion to dismiss leads this Court to grant the motion as uncontested. An Order consistent with this Memorandum will be docketed separately.